**KELLY, Plaintiff-Appellant, v. REESE, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3936—Decided September 26, 1946

Clarence M. Addison, Columbus, C. R. Doll, Columbus, for Plaintiff-Appellant.

W. B. Cockrell, Columbus, David L. Durschnitt, Columbus, for defendant-appellee.

## OPINION

By THE COURT:

·This is a motion submitted by the defendant-appellee to dismiss the appeal on ground that the plaintiff-appellant did not file her notice of appeal within the time provided by statute. The appeal is noted as one on law and fact.

The record discloses that on April 18, 1946, the Court filed its decision in this matter and on June 15, 1946, it filed a corrected statement of the original decision. The entry journalizing the judgment was filed on July 8, 1946, and the notice of appeal was filed on the same day.

The question for determination is when the time for the serving of the notice of appeal begins to run under §12223-7 GC. This question was decided in the case of **Brown, Admx., v. Wells, 143 Oh St 584,** the first syllabus of which provides:

"A judgment or order may be entered nunc pro tunc in furtherance of justice only and when a judgment is so entered in the Court of Common Pleas, a notice of appeal to review

such judgment or order, filed therein not more than twenty days from the date of its actual entry is filed within the time limited by law. (**Charles v. Fawley, 71 Oh St 50,** approved and followed.)"

Bell, J., in discussing this case said:

"That a court of record speaks only through its journal is a fundamental principle of law. **State, ex rel. Industrial Commission v. Day, 136 Oh St 477; Will v McCoy, 135 Oh St 241; State, ex rel. v Lueders, 101 Oh St 256.** In Ohio that principle has been written into statutory law."

See also §11604 GC which provides that all judgments and orders must be entered on the journal of the Court. The entry must be written into the journal as soon as the entry is filed with the clerk or directed by the Court and shall be journalized as of the date of the filing of said entry or of the written direction by the Court.

For the foregoing reasons we hold that the notice of appeal was duly filed and the motion is overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.